**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JOE HAND PROMOTIONS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 12-2629-KHV** |
| **TIMOTHY KASTING, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On September 24, 2012, plaintiff filed this suit against Timothy Kasting and the Red Brick Grill, alleging that defendants engaged in unauthorized reception and exhibition of cable and satellite broadcasts in violation of 47 U.S.C. §§ 553 and 605. Plaintiff also alleges a state common law claim of conversion. On January 31, 2013, Magistrate Judge David J. Waxse ordered plaintiff to show cause on or before February 15, 2013 why the case should not be dismissed for lack of prosecution under Fed. R. Civ. P. 41(b). See Notice And Order To Show Cause (Doc. #5). This matter is before the Court on plaintiff's Declaration In Response To Show Cause Order (Doc. #6) filed February 11, 2013.

Rule 4(m), Fed. R. Civ. P., requires that plaintiff serve the summons and complaint within 120 days after filing of the complaint. Rule 4(m) directs the Court to dismiss the action without prejudice if the deadline is not met or, if plaintiff shows good cause for the failure, order that plaintiff effect service within a specified time.

Here, plaintiff concedes that it did not effectuate service within the 120-day period set out in Rule 4(m). Plaintiff's response outlines unsuccessful attempts to serve defendants and also states

-1-

that due to an office error in calendaring, plaintiff failed to file a motion to extend the time for service. Plaintiff asks the Court for an extension of time to March 11, 2013 to effectuate service.

Where plaintiff seeks an extension of time to serve defendant, the preliminary inquiry under Rule 4(m) is whether plaintiff has shown good cause for the failure to timely effect service. Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). If good cause is shown, plaintiff is entitled to a mandatory extension of time. If plaintiff does not show good cause, the Court must consider whether a permissive extension of time is warranted or whether the case should be dismissed without prejudice. Id.

In this case, the 120-day time period for plaintiff to obtain service expired January 22, 2013. On a timely motion, the Court could have granted a permissive extension of time even if plaintiff had not shown good cause for failure to make timely service. See Hunsinger v. Gateway Mgmt. Assocs., 169 F.R.D. 152, 155 (D. Kan. 1996). Although inadvertence does not constitute good cause, the Court will allow plaintiff a brief extension of time to serve the summons and complaint. See McCormick v. Medicalodges, Inc., No. 05-2429, 2006 WL 1360403, at *1 (D. Kan. May 17, 2006) (even where good cause not shown, courts prefer to decide cases on merits rather than on technicalities) (citing Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982)).

**IT IS THEREFORE ORDERED that on or before March 22, 2013, plaintiff shall file proof of service of summons and complaint on defendants. If plaintiff fails to do so, the Court will dismiss this case without further notice.**

Dated this 8th day of March, 2013, at Kansas City, Kansas.

                                                s/ Kathryn H. Vratil
                                                KATHRYN H. VRATIL
                                                United States District Judge